UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHAD HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03411-MMM |
| | ) | |
| DAINE BURKHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently detained at Shelby County Jail, seeks to allege violations of his constitutional right to access the courts.

I.   PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a hand-drafted Petition to Proceed in Forma Pauperis. Doc. 3. The Clerk is directed to send Plaintiff a blank request to proceed without prepayment of fees. Plaintiff is directed to fully complete the form and return it within 30 days of this order. Alternatively, Plaintiff may pay the full $405 filing fee within the same period. Failure to timely file the fully completed form, or to pay the filing fee, will subject this lawsuit to dismissal without further notice.

The Clerk is directed to request Plaintiff's trust fund ledgers for the preceding six months from Plaintiff's detention facility.

II.   MERIT REVIEW

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any

legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

A. Facts

Plaintiff sues Shelby County Jail Administrator Daine Burkhead.

Plaintiff alleges that in December 2025, he requested five copies of his trust fund ledger. Defendant told him that she would only provide one copy. Plaintiff desires copies of his trust fund ledger to submit along with requests to proceed without prepayment of fees in five separate lawsuits.

B. Analysis

"Rule 8 does not require plaintiffs to plead facts or legal theories." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "However, as applied to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Id.*, (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)). "This is because the mere denial of access to a prison law library or to other legal materials is

not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To proceed on an access-to-courts claim, a plaintiff must "allege in his complaint that the alleged deprivations have caused him actual injury …." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Plaintiff's allegations here do not state a claim for relief. He has merely alleged that he was not provided as many copies of his trust fund ledger as he would like. He has not plausibly alleged that he has been or indeed would be prevented from filing any of his lawsuits without the ledgers, or has been or would be otherwise prejudiced in his ability to access the courts to prosecute those actions. He has not alleged any cause of action has been dismissed because of this issue. In this District, failure to provide the trust fund ledger copies does not prevent filing a claim or otherwise prejudice Plaintiff, as the Clerk obtains copies of trust fund ledgers directly from pro se plaintiffs' institutions if a request to proceed without prepayment of fees is made. Particularly with a thorough explanation of why Plaintiff could not produce the ledgers, along with the documentation he has from his facility declining to provide more than one copy, it is highly likely that other courts would proceed in the same way. Plaintiff's allegations do not demonstrate, or lead to any plausible inference of, prejudice to any legal right at this time. Plaintiff has not, therefore, alleged that he has suffered legal prejudice as required to state a First Amendment access to courts claim.

IT IS THEREFORE ORDERED:

1. Ruling on Plaintiff's Petition to Proceed in Forma Pauperis [5] is reserved. The Clerk is to send Plaintiff a blank IFP petition form along with this Order. Plaintiff must file the completed petition to proceed in forma pauperis, or pay the $405 filing fee in full, within 30 days or this action may be dismissed without prejudice. Plaintiff need not attach copies of his trust fund ledger if he does not have access to them. The Clerk will request them directly from his institution.
2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's allegations do not state a federal claim for relief. Plaintiff is allowed 30 days to file an amended complaint if he believes he can do so in good faith and consistent with this order. Failure to amend will result in dismissal of this action without prejudice.

Entered this 5th day of January, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE