UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHAD HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03411-MMM |
| | ) | |
| DAINE BURKHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently detained at Fayette County Jail, seeks to allege violations of 1) his constitutional right to access the courts and 2) his right to objectively reasonable jail conditions.

Plaintiff's Motion for Leave to Amend and Motion to Add Party are granted. Docs. 8, 11. Clerk to docket amended complaint and add party John Doe.

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

A. Facts

**Parties.** Plaintiff sues Shelby County Jail Administrator Daine Burkhead and officer John Doe.

**First Amendment access to courts.** Plaintiff alleges that in December 2025, he requested five copies of his trust fund ledger. Defendant Burkhead told him that she would only provide one copy. Plaintiff wanted to file five lawsuits, and he sought five duplicate copies of his trust fund ledger to submit along with requests to proceed without prepayment of fees in those lawsuits. Plaintiff refrained from filing at least one lawsuit because he did not have all the trust fund ledger copies that he requested. The statute of limitations elapsed on that claim. Plaintiff refrained from filing another claim related to the conditions of his confinement because he did not have enough trust fund ledger copies.

**Conditions of confinement facts.** Plaintiff had a preexisting hip injury. While Plaintiff was out of the jail for court in November 2025, Defendants Burkhead and Doe placed an extension cord in Plaintiff's cell. The extension court was an open and obvious hazard directly in the walking pathway of Plaintiff's cell but nonetheless Plaintiff tripped on it further injuring himself.

B. Analysis

**First Amendment.** "Rule 8 does not require plaintiffs to plead facts or legal theories." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "However, as applied to

prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Id.*, (quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)). "This is because the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall*, 445 F.3d 968. To proceed on an access-to-courts claim, a plaintiff must "allege in his complaint that the alleged deprivations have caused him actual injury …." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Plaintiff's amended allegations here still do not state a claim for relief. He has still merely alleged that he was not provided as many copies of his trust fund ledger as he would like. He has not plausibly alleged that he was actually <u>unable to file</u> any of his lawsuits without the ledgers. Instead, he <u>chose</u> not to file the suit(s) and in at least one case <u>that choice</u> caused him to miss the statute of limitations filing deadline. Perhaps if Plaintiff <u>had filed</u> the suit and explained the situation with his ledgers to the court, his request to proceed without prepayment of fees still would have been denied; perhaps he would have then chosen not to pay the filing fee; and perhaps then the case would have been dismissed. But this chain of inferences is too attenuated to plausibly allege that Burkhead's denial of multiple jail trust fund ledger copies <u>caused</u> Plaintiff any legal prejudice. Plaintiff elected not to file suit by the deadline. That choice was the proximate cause of missing the deadline. If Plaintiff had timely filed his suits and explained why

his motion to proceed in forma pauperis was not accompanied by a ledger it is equally likely (if not <u>more likely</u>) that the presiding court would have requested a copy of the ledger itself (as this Court routinely does) or relied on Plaintiff's affidavit regarding his available funds and inability to procure an official ledger copy. Speculation about what may have occurred if Plaintiff had diligently pursued his claim is insufficient to state a claim for denial of access to the courts. Plaintiff simply has not alleged that he suffered any legal prejudice <u>because of</u> the lack of trust fund copies.

**Objectively unreasonable jail conditions.** The Fourteenth Amendment requires States to provide pretrial detainees with objectively reasonable access to basic human needs. *See Kinglsey v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

To state a plausible claim Plaintiff must allege that the conditions under which he was detained were "objectively unreasonable," a standard higher than mere negligence, but lower than deliberate indifference as applied in Eighth Amendment circumstances for convicted prisoners. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Caselaw is more developed regarding hazardous conditions in prisons, and claims by pretrial detainees and convicted prisoners have until recently been assessed under the same standard. The Court thus describes the general contours of the law regarding hazardous conditions with some reference to prison cases while in assessing Plaintiff's claims applies the current, correct, Fourteenth Amendment standard of objective unreasonableness.

The Constitution requires that officials must "ensure 'reasonable safety,' not that they protect against all risks." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Prisoners and detainees are protected from the unnecessary infliction of pain caused by hazardous conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is small and the condition is necessarily unavoidable, such as a wet shower floor, the Seventh Circuit has held that the condition does not pose a sufficient risk of harm to be actionable. *See Pyles*, 771 F.3d at 410 ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *see also Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019) ("The condition that [the plaintiff] identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers.").

However, when risk of injury is great and the hazardous condition is avoidable, such as officials forcing inmates with their hands cuffed behind their backs to navigate slick stairs cluttered with garbage, the Seventh Circuit has held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016); *see also Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) (discussing *Pyles* and *Anderson* and finding that officials occasionally forcing inmates to traverse stairs with hands cuffed behind their backs is not alone enough to state a constitutional claim).

An official's "duty to protect an inmate from harm arises because the state has placed him 'under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare.'" *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)). An inmate will fail to state a claim for failure to protect where the inmate is able "to exercise responsibility for his own welfare." *Christopher*, 384 F.3d at 883.

Here, Plaintiff's allegations are more like *Pyles*, and less like *Anderson*. Plaintiff alleges repeatedly that the cord he tripped on was an obvious hazard. Though he alleges it was placed in his cell when he was not present, he does not allege that the cord was hidden, was not in plain sight, or was otherwise a hazard of such a nature that he could not avoid it by exercising ordinary caution as to where he was walking, just as non-incarcerated individuals can do. *See Christopher*, 384 F.3d at 883. Plaintiff's allegations thus fail to state a federal claim for unreasonably hazardous jail conditions.

Plaintiff also seeks to allege state law negligence claims related to the extension cord. But because the Court has determined that there is no actionable federal claim, the Court relinquishes supplemental jurisdiction over any such state law claim, which Plaintiff may pursue in state court.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Amend [8] and Motion to Add Party [11] are granted. Clerk to docket amended complaint and add party John Doe.

2. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's allegations do not state a federal claim for relief. Plaintiff is allowed a final opportunity to file an amended complaint if he believes he can state claim in good faith and consistent with this order.

Plaintiff allowed 21 days to amend. Failure to amend will result in dismissal of this action without prejudice.

Entered this 27th day of February, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

3:25-cv-03411-MMM    # 13    Filed: 02/27/26    Page 7 of 7