E-FILED
Monday, 02 November, 2026 11:24:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHAD HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03411-MMM |
| | ) | |
| DAINE BURKHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently released from prison and in the community, and previously detained at the Shelby County Jail, seeks to allege violations of his constitutional right to objectively reasonable jail conditions.

Plaintiff's Motion for Leave to Amend is granted. Dkt. 17.

The case is before the Court for a merit review of Plaintiff's second amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

A. Facts

**Parties.** Plaintiff sues Shelby County Jail Administrator Daine Burkhead and officer John Doe.

Plaintiff had a preexisting hip injury. While Plaintiff was out of the jail for court in November 2025, Defendants Burkhead and Doe placed an extension cord in Plaintiff's cell. The extension court was an obvious hazard directly in the pathway of Plaintiff's cell but nonetheless Plaintiff tripped on it further injuring himself.

B. Analysis

The Fourteenth Amendment requires States to provide pretrial detainees with objectively reasonable access to basic human needs. *See Kinglsey v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

To state a plausible claim Plaintiff must allege that the conditions under which he was detained were "objectively unreasonable," a standard higher than mere negligence, but lower than deliberate indifference as applied in Eighth Amendment circumstances for convicted prisoners.

Caselaw is more developed regarding hazardous conditions in prisons, and claims by pretrial detainees and convicted prisoners have until recently been assessed under the same standard. The Court thus describes the general contours of the law regarding hazardous conditions with some reference to prison cases while in assessing

Plaintiff's claims applies the current, correct, Fourteenth Amendment standard of objective unreasonableness.

The Constitution requires that officials must "ensure 'reasonable safety,' not that they protect against all risks." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Prisoners and detainees are protected from the unnecessary infliction of pain caused by hazardous conditions. *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A condition is hazardous when it "poses an unreasonable peril." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). When risk of injury is small and the condition is necessarily unavoidable, such as a wet shower floor, the Seventh Circuit has held that the condition does not pose a sufficient risk of harm to be actionable. *See Pyles*, 771 F.3d at 410 ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *see also Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019) ("The condition that [the plaintiff] identifies is the uneven sidewalk, but the risk of tripping there is no worse than the risk present on slippery floors in prison showers.").

However, when risk of injury is great and the hazardous condition is avoidable, such as officials forcing inmates with their hands cuffed behind their backs to navigate slick stairs cluttered with garbage, the Seventh Circuit has held that the condition poses a sufficient risk of harm to state a constitutional claim. *Anderson*, 835 F.3d at 683 (7th Cir. 2016); *see also Perkins v. Pfister*, 711 F. App'x 335, 337 (7th Cir. 2017) (discussing *Pyles* and

*Anderson* and finding that officials occasionally forcing inmates to traverse stairs with hands cuffed behind their backs is not alone enough to state a constitutional claim).

An official's "duty to protect an inmate from harm arises because the state has placed him 'under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare.'" *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)). An inmate will fail to state a claim for failure to protect where the inmate is able "to exercise responsibility for his own welfare." *Christopher*, 384 F.3d at 883.

Here, Plaintiff's allegations are more like *Pyles*, and less like *Anderson*. Plaintiff's two prior complaints have been dismissed on this basis. Plaintiff has enhanced his pleadings to argue that the extension cord was extremely hazardous, and that since he was not told of its placement in his cell, it was non-obvious and unreasonably placed. Though he alleges it was placed in his cell when he was not present, he does not plausibly allege that the cord was hidden, was not in plain sight, or was otherwise a hazard of such a nature that he could not avoid it by exercising ordinary caution as to where he was walking, just as non-incarcerated individuals can do. *See Christopher*, 384 F.3d at 883. Plaintiff's allegations thus still fail to state a federal claim for unreasonably hazardous jail conditions. An extension cord on the floor is a hazard routinely encountered, and is the sort of thing that is easily avoided by the exercise of ordinary caution. It is not the kind of hazard that detainees are protected from by the United States Constitution.

Plaintiff also seeks to allege state law negligence claims related to the extension cord. But because the Court has determined that there is no actionable federal claim, the Court relinquishes supplemental jurisdiction over any such state law claim, which Plaintiff may pursue in state court.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Amend [17] is GRANTED. Clerk to docket amended complaint.

2. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's allegations do not state a federal claim for relief. Plaintiff has demonstrated now that additional attempts to amend will be futile. Plaintiff's federal claim is dismissed with prejudice. The Court relinquishes supplemental jurisdiction over Plaintiff's state law negligence claim, which is dismissed without prejudice, and which Plaintiff may pursue in state court if he so desires. Judgment to enter.

Entered November 2, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE